IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00403-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

MAURICE E. HARRIS,

      Applicant,

v.

RICK RAEMISCH,

      Respondent.

---

## ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES

---

Mr. Harris, is in the custody of the Colorado Department of Corrections (CDOC) at the Colorado State Penitentiary in Canón City, Colorado.  He has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  In the Application, Mr.  Harris claims that between 2006 and 2014, the CDOC wrongly classified him as a sex offender, without affording him a hearing, even though he was acquitted of the charged sex offense in December 2004.  He claims that his improper classification as a sex offender reduced the rate at which he could earn good time credits.  For relief, he requests an award of 15 days per month of good time credits, and five days per month of earned time credits "for education."

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  It is well

established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.*

Mr. Harris does not have a remedy under 28 U.S.C. § 2241. In Colorado, good and earned time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387-88 and n.5 (Colo.1990) (collecting cases). *Cf. Thiret v. Kautzky*, 792 P.2d 801, 805-07 (Colo.1990) (recognizing an exception for inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, who are normally entitled to mandatory, not discretionary, parole (except for sex offenders)). Therefore, even if Mr. Harris was awarded all of the good and earned time credits to which he claims an entitlement, he would not be assured immediate or speedier release. *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 836-37 (10th Cir. Sept. 27, 2012) (unpublished) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, No. 09-1429, 385 F. Appx. 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier release from confinement."). Accordingly, if Mr. Harris intends to proceed in this action, he must file a

2

Prisoner Complaint, pursuant to 42 U.S.C. § 1983.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has

determined that the document is deficient as described in this order.  Mr. Harris will be

directed to cure the following if he wishes to pursue his claims in this action.  Any

papers that Mr. Harris files in response to this order must include the civil action number

on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   _xx_   is not submitted
(2)   __   is missing affidavit
(3)   _xx_   is missing certified copy of prisoner's trust fund statement for the 6-month
period immediately preceding this filing
(4)   __   is missing certificate showing current balance in prison account
(5)   __   is missing required financial information
(6)   _xx_   is missing authorization to calculate and disburse filing fee payments
(7)   __   is missing an original signature by the prisoner
(8)   __   is not on proper form
(9)   __   names in caption do not match names in caption of complaint, petition or
habeas application
(10)   _xx_   other: Mr. Harris may pay the $400.00 filing fee in lieu of filing a § 1915
motion and affidavit .

**Complaint, Petition or Application**:
(11)   __   is not submitted
(12)   xx   is not on proper form (must use court-approved Prisoner Complaint form).
(13)   __   is missing an original signature by the prisoner
(14)   __   is missing page nos. ___
(15)   __   uses et al. instead of listing all parties in caption
(16)   __   names in caption do not match names in text
(17)   __   addresses must be provided for all defendants/respondents in "Section A.
Parties" of complaint, petition or habeas application
(18)   __   other: _____.

Accordingly, it is

ORDERED that Mr. Harris cure the deficiencies designated above **within thirty**

**(30) days from the date of this order**.  Any papers that Mr. Harris files in response to

3

this order must include the civil action number on this order.  It is

FURTHER ORDERED that Mr. Harris shall obtain the court-approved forms for filing a Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Mr. Harris shall use the forms in curing the deficiencies noted.  It is

FURTHER ORDERED that, if Mr. Harris fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED March 2, 2015, at Denver, Colorado.

BY THE COURT:


 s/ Gordon P. Gallagher
United States Magistrate Judge