IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00403-GPG

MAURICE E. HARRIS,

    Applicant,

v.

RICK RAEMISCH,

    Respondent.

---

ORDER OF DISMISSAL

---

    Plaintiff Maurice E. Harris, is in the custody of the Colorado Department of Corrections (CDOC) at the Colorado State Penitentiary in Canón City, Colorado. He initiated this action by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). In the Application, Mr. Harris claims that between 2006 and 2014, the CDOC wrongly classified him as a sex offender, without affording him a hearing, even though he was acquitted of the charged sex offense in December 2004. He claims that his improper classification as a sex offender reduced the rate at which he could earn good time credits. For relief, he requests an award of 15 days per month of good time credits, and five days per month of earned time credits "for education."

    On March 2, 2015, Magistrate Judge Gordon P. Gallagher reviewed the § 2241 Application and determined that it was deficient. (ECF No. 3). Magistrate Judge Gallagher explained to Mr. Harris that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.*

Magistrate Judge Gallagher further informed Mr. Harris that, in Colorado, good and earned time credits do not count as service of an inmate's sentence, *see Rather v. Suthers*, 973 P.2d 1264, 1266 (Colo.1999), but instead function only to establish parole eligibility, *see Jones v. Martinez*, 799 P.2d 385, 387-88 and n.5 (Colo.1990) (collecting cases). *Cf. Thiret v. Kautzky*, 792 P.2d 801, 805-07 (Colo.1990) (recognizing an exception for inmates sentenced to a crime committed after July 1, 1979, but before July 1, 1985, who are normally entitled to mandatory, not discretionary, parole (except for sex offenders)). (*See* ECF No. 3). Therefore, even if Mr. Harris was awarded all of the good and earned time credits to which he claims an entitlement, he would not be assured immediate or speedier release. *See Kailey v. Price*, No. 12-1276, 497 F. App'x 835, 836-37 (10th Cir. Sept. 27, 2012) (unpublished) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005) ("[H]abeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release from that confinement.") (emphasis in original omitted); *see also Frazier v. Jackson*, No. 09-1429, 385 F. Appx. 808, 810-11 (10th Cir. 2010) (unpublished) ("An application for habeas relief may be granted only when the remedy requested would result in the prisoner's immediate or speedier

release from confinement."). Accordingly, Magistrate Judge Gallagher instructed Mr. Harris that if he intended to proceed in this action, he must file a Prisoner Complaint, pursuant to 42 U.S.C. § 1983.

In the March 2 Order, Magistrate Judge Gallagher directed Mr. Harris to file, within thirty (30) days, a Prisoner Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the court-approved forms. (ECF No. 3). Mr. Harris was instructed that he could obtain copies of the court-approved forms, along with the applicable instructions, at www.cod.uscourts.gov. Magistrate Judge Gallagher advised Mr. Harris that he could pay the $400.00 filing fee in lieu of submitting a § 1915 motion and affidavit. (*Id.*). Finally, Mr. Harris was warned in the March 2 Order that failure to cure the deficiencies would result in dismissal of this action without further notice. (*Id.*).

Mr. Harris has now failed to comply with the March 2 Order. Moreover, he has not communicated with the Court since he initiated this action. Accordingly, it is

ORDERED that this action is DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Maurice E. Harris, to comply with the March 2, 2015 Order Directing Applicant to Cure Deficiencies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harris files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED April 9, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court